IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BONNIE R. FOWLER,<br><br>                      Plaintiff,<br>v.<br><br>STATE OF UTAH c/o SEAN REYES, JUDGE ROYAL I. HANSEN, MARK R. MCDOUGAL, DON R. SCHOW, BRENT K. WAMSLEY, DOUGLAS C. MCDOUGAL, and MARK R. MCDOUGAL & ASSOCIATES,<br><br>                      Defendant. | **REPORT AND RECOMMENDATION TO DISMISS CASE**<br><br>Case No. 2:17-cv-285-CW-BCW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke C. Wells |

*Pro Se* Plaintiff Bonnie R. Fowler ("Plaintiff") filed the Complaint in this case on April 12, 2017, against Defendants State of Utah c/o Sean Reyes ("State of Utah"), Judge Royal Hansen ("Judge Hansen"), Mark R. McDougal, Don R. Schow, Brent K. Wamsley, Douglas C. McDougal, and Mark R. McDougal & Associates ("McDougal & Associates").[1] District Judge Clark Waddoups referred this case to Magistrate Judge Brooke Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[2]

Before the Court are the following motions: Defendants State of Utah's and Judge Hansen's Motion to Dismiss and Memorandum of Law in Support,[3] Defendant Douglas McDougal's Motion to Dismiss,[4] Defendant Don Schow's Motion to Dismiss and Memorandum

---

[1] Docket no. 1.

[2] Docket no. 26.

[3] Docket no. 7.

[4] Docket no. 8.

in Support,[5] Defendant Brent Wamsley's Motion to Dismiss,[6] and Defendants Mark McDougal's and Mark R. McDougal & Associates' Motion to Dismiss.[7] Plaintiff has filed oppositions to each of the Motions to Dismiss.[8] The State of Utah and Judge Hansen filed a reply in support of their Motion to Dismiss.[9] Time for briefing has expired with respect to these pending motions, and this Court has determined that oral argument is unnecessary and decides the case based on the record before it.  Accordingly, this Report and Recommendation will resolve all pending motions before this Court.

## BACKGROUND[10]

In October 1995, Plaintiff was a party to a divorce action in Utah state court.[11] The Decree of Divorce was entered April 8, 1996.[12] On October 1, 2012, Plaintiff's ex-husband filed a motion to terminate alimony.[13] On March 5, 2013, Judge Royal Hansen found that the alimony payments Plaintiff had been receiving ceased as a matter of law as of August 2012 because the law limiting the duration of alimony to the length of the marriage was in effect prior to the Decree of Divorce being entered.[14]

---

[5] Docket no. 9 and 10.

[6] Docket no. 16.

[7] Docket no. 18.

[8] Docket nos. 11, 19, 24, 25 and 28.

[9] Docket no. 20.

[10] The facts included in this section were taken from the briefs and exhibits filed in conjunction with the pending motions. The Court also takes judicial notice of other court decisions.

[11] *See* Docket no. 7-1 (State docket of *Fowler v. Fowler*, No. 954904168 (Oct. 10, 1995)).

[12] *Id*.

[13] *Id*.

[14] Docket No. 7-2 (Order on Petitioner's Objection to Commissioner's Recommendation).

Thereafter, in November 2013, Plaintiff filed a civil lawsuit in Utah state court against McDougal & Associates, Brent Wamsley (and his firm), Mark McDougal, Don Schow, and Douglas McDougal (collectively hereafter "Attorney Defendants").[15] In a Ruling and Order issued April 13, 2015, Judge Hansen dismissed Plaintiff's claims of defamation, intentional infliction of emotional distress, and legal malpractice against the Attorney Defendants.[16] Plaintiff appealed this decision to the Utah Court of Appeals, and Judge Hansen's Ruling and Order was affirmed in a per curiam decision.[17]

On March 3, 2016, Plaintiff filed a Complaint in this Court against the Attorney Defendants under 42 U.S.C. §§ 1983, 1985 and 1986.[18] After she filed an amended complaint, the Attorney Defendants filed motions to dismiss the complaint. On December 14, 2016, Magistrate Judge Dustin Pead entered his Report and Recommendation.[19] In his decision, Judge Pead made the following findings in recommending dismissal of Plaintiff's amended complaint:

- That Plaintiff's amended complaint failed to comply with FRCP 8 as it did not provide Attorney Defendants with fair notice of the claims and the grounds upon which they rest.

- That Plaintiff's § 1983 claim failed for a number of reasons: (1) private conduct may not be redressed by a § 1983 claim unless the private party acted as a willful participant in a conspiracy with the State or its agents; (2) Plaintiff failed to allege an agreement or concerted action between the Attorney Defendants and the unnamed jurist or tribunal; and (3) Plaintiff failed to identify a rule or official policy of the law firm that would cause the constitutional violations claimed, thus failing to establish a § 1983 claim against the firm.

---

[15] Docket no. 7-3 (State docket of *Fowler v. Mark McDougal & Associates*, No. 130907844 (filed Nov. 15, 2013)).

[16] Docket no. 7-4 (Ruling and Order).

[17] Docket no. 7-5 (*Fowler v. Mark McDougal & Associates*, 2015 UT App 194).

[18] *Fowler v. McDougal, et al*, 2:16cv163-DAK-DBP (Mar. 3, 2016).

[19] *Id.* at Docket no. 40 (Dec. 22, 2016).

- That Plaintiff's § 1985(2) claim failed because Plaintiff failed to set forth any specific allegations to support the existence of a conspiracy, and failed to allege that the statements made by certain Defendants were to deter her testimony by force or intimidation (to the contrary she specifically states that the statements were not made in any way for the purpose of deterring Plaintiff from testifying).

- Finally, Plaintiff's § 1986 claim could not exist independent of her § 1985 claim, thus because she failed to state a valid § 1985 claim, her § 1986 claim fails.

Based on the foregoing findings, Judge Pead recommended that Plaintiff's amended complaint be dismissed under the screening provision of 28 U.S.C. § 1915 and FRCP 12(b)(6). District Judge Dale Kimball, after review of the case *de novo*, adopted and affirmed the Report and Recommendation of Judge Pead.[20]

Less than three months later, Plaintiff filed the Complaint in this action.[21] Plaintiff has named the same Attorney Defendants in this action and added two new defendants Judge Royal Hansen and the State of Utah.

## ANALYSIS

This Court will consider the motions to dismiss in two steps: first, it will consider the motion to dismiss filed against the State of Utah and Judge Hansen as those Defendants were not named in the prior lawsuit before this Court; and second, it will consider the motions to dismiss filed by the Attorney Defendants.

When considering a motion for dismissal a court should "assume the factual allegations are true and ask whether it is plausible that the Plaintiff is entitled to relief."[22] A claim must be dismissed if the complaint does not contain enough facts to make the claim "plausible on its

---

[20] *Id*. at Docket no. 45 (Jan. 20, 2017).

[21] Docket no. 1 (April 12, 2017).

[22] *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (citation omitted).

face."[23] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[24] A court may only consider the facts actually alleged and should disregard conclusory allegations made without supporting factual averments.[25] At a minimum, the complaint is required to "give the defendant fair notice of what the claim is and the grounds upon which it rests."[26]

"Generally when a district court considers matters outside the complaint, the court should treat a motion to dismiss as a motion for summary judgment."[27] However, "the Court may take judicial notice of court files and records—whether federal or state—as well as facts which are a matter of public record."[28] "However, [t]he documents may only be considered to show their contents, not to prove the truth of matters asserted therein."[29]

Plaintiff proceeds *pro se*. As a *pro se* litigant, the court must construe her pleadings liberally and hold them "to a less stringent standard than formal pleadings drafted by lawyers."[30]

---

[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[25] *Moya v. Schollenbarger*, 465 F.3d 444, 455-57 (10th Cir. 2006); *Bryan v. Stillwater Bd. Of Realtors,* 578 F.2d 1319, 1321 (10th Cir. 1977) ("allegations of conclusions or of opinions" are not sufficient absent facts); *Twombly,* 550 U.S. at 554 (complaint must contain "more than labels and conclusions" and "raise a right to relief above the speculative level.").

[26] *Moya,* 465 F.3d at 457 (quotations and citations omitted) (alteration in original) (emphasis added).

[27] *Merswin v. Williams Companies, Inc.,* 364 F. App'x 438, 441(10th Cir. 2010) (*citing* M*iller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir. 1991)).

[28] *Dale v. Bank of Am., N.A.*, 2016 WL 4245493, at *2 (D. Kan. Aug. 2016) (*See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (saying a court's own files and records as well as facts which are a matter of public record can be considered under the judicial notice exception); *Rose v. Utah State Bar*, 471 F. App'x 818, 820 (10th Cir. 2012) (saying that filings from state-court disciplinary proceedings can be considered under the judicial notice exception)).

[29] *Tal*, 453 F.3d at 1264 n.24 (citation omitted).

[30] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n. 1 (10th Cir. 2007).

Even under a less stringent standard, the court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[31]

### 1) State of Utah's and Judge Hansen's Motion to Dismiss

#### a) Judge Royal Hansen

Plaintiff's complaint alleges, in violation of § 1983, Judge Hansen acted with improper bias in her State court proceedings and was coerced into "turn[ing] a blind eye to Defendants bald faced lies, slander, threats and intimidation and excus[ed] them as judicial proceeding privileges."[32] Further, Plaintiff claims that she was denied due process rights by not being allowed to proceed to trial in her State court proceedings.

All of the allegations in the complaint related to Judge Hansen are in the context of Judge Hansen acting in his official judicial capacity and not in his personal capacity. In essence, all Plaintiff's claims against Judge Hansen are based on her disagreement with his decisions in her State court proceedings. This is exactly what judicial immunity protects against.

"Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."[33] "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."[34] Immunity is only waived in two circumstances: (1) "a judge is not immune from liability for non-judicial actions, i.e. actions not

---

[31] *Whitney v. State of New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

[32] Docket no. 1 (Complaint).

[33] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[34] *Mireles*, 502 U.S. at 11 (*citing Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

taken in the judge's judicial capacity,"[35] and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."[36]

Judge Hansen was the judge assigned to determine the motion to terminate Plaintiff's alimony and Plaintiff's malpractice action, in both matters he was acting within his judicial capacity. Thus, Judge Hansen was "performing judicial acts and [was] therefore clothed with absolute judicial immunity."[37] Further, even taking the Plaintiff's allegations as true,[38] judicial immunity still applies even where there are allegations of conspiracy.[39]

Based on the foregoing, this Court recommends that Judge Hansen be DISMISSED with prejudice based on judicial immunity.

### b) State of Utah

Plaintiff's complaint only mentions the State of Utah in relation to the allegations that the State of Utah is responsible for the regulation and licensing of attorneys and judges and claims that it is therefore liable under § 1983 and § 1985.

The Supreme Court has determined that "a State is not a 'person' within the meaning of § 1983" as § 1983 "does not provide a federal forum for litigants who seek a remedy against a

---

[35] *Mireles,* 502 U.S. at 11 (*citing Forrester v. White,* 484 U.S. 219, 227-29 (1988)).

[36] *Mireles,* 502 U.S. at 12 (*citing Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978)).

[37] *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir. 1994).

[38] This Court notes that Plaintiff's allegations involving Judge Hanson appear to be somewhat contradictory in that on one hand she claims Judge Hansen was biased and somehow involved in a conspiracy with Attorney Defendants, but on the other hand states that the Attorney Defendants coerced Judge Hansen into such decisions.

[39] *Hunt,* 17 F.3d at 1267 (*citing Dennis v. Sparks,* 449 U.S. 24, 27 (1980)) ("[J]udges enjoy absolute immunity from liability under §1983—even when the judge allegedly conspires with private parties.")

State for alleged deprivations of civil liberties."[40]  Thus, the State of Utah is not a proper defendant in a § 1983 action.

Further, "[s]ection 1983 is not a vicarious liability provision . . . . In any § 1983 action, the plaintiff must demonstrate the liability of each . . . official against whom a claim is made," and "the burden is on the plaintiff to develop facts that show the defendant's responsibility for a constitutional violation."[41]  Here, Plaintiff does not claim that the State of Utah itself did anything to violate Plaintiff's constitutional rights, but is alleging *respondeat superior* liability because allegedly it didn't properly supervise the attorneys licensed in the State.  However, as stated above vicarious liability or *respondeat superior* liability under §1983 is not a viable cause of action.

Accordingly, this Court recommends that the State of Utah be DISMISSED from this action.

### 2) Attorney Defendants' Motions to Dismiss

The Court finds that the Complaint in this action and the Amended Complaint[42] in the prior action are nearly identical other than a few minor insignificant changes and the naming of Judge Royal Hansen and the State of Utah as defendants.  Further, this Court finds that Plaintiff did not make the substantive changes identified by Judge Pead in the prior action, and instead filed a Complaint that is nearly identical to the amended complaint that was dismissed in the

---

[40] *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65-66 (1989).

[41] *Serna v. Colo. Dept. of Corrections*, 455 F.3d 1146, 1155 (10 Cir. 2006).

[42] *Fowler v. McDougal*, 2:16cv163-DAK-DBP, Docket no. 30.

prior action.[43] Based on this review, this Court will review the claims against the Attorney Defendants under the doctrines of *res judicata* and claim preclusion.

"Claim preclusion is usually raised as an affirmative defense in the answer to complaint, or on motion for summary judgment."[44] "However, 'where the substantive rights of parties are not endangered, a district court may in its discretion consider *res judicata* issues raised by motion to dismiss, rather than by the more usual form of an answer to a complaint.'"[45]

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'"[46] "Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'"[47] "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim."[48] "By 'preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate,' these two doctrines protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on

---

[43] For instance, Judge Pead previously explained, "Plaintiff must set forth 'specific facts showing an agreement and concerted action amongst the defendants . . . . Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Plaintiff has not remedied this issue in her new complaint.

[44] K*ay v. Bemis*, 2009 WL 347427 *3 (D. Utah 2009) *(citing 18 Moore's Federal Practice § 131.50[1]-[3] (3d ed.2002))*.

[45] *Id. (citations omitted).*

[46] *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

[47] *Id.* (*citing* N*ew Hampshire v. Maine,* 532 U.S. 742, 748 (2001)).

[48] *Id. (citing* N*ew Hampshire,* 532 U.S. at 748–749).

judicial action by minimizing the possibility of inconsistent decisions.'"[49] "'Stated alternatively', under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."[50]

Three elements must be met before claim preclusion can be applied. Those elements are "(1) a [final] judgment on the merits in an earlier action; (2) identity of the parties or privies in the two suits; and (3) identity of the cause of action in both suits."[51]

Here, the prior amended complaint was dismissed for failure to state a claim under the screening provision of 28 U.S.C. § 1915 AND for failure to state a claim based on Attorney Defendants' motions to dismiss (i.e. 12(b)(6)). "[I]t is well-settled that a dismissal for failure to state a claim under Rule 12(b)(6)—which speaks to the legal insufficiency of the claim at issue—is an adjudication on the merits."[52] Here, in the prior action the Court found that the amended complaint did not state any grounds for which relief could be granted and was dismissed pursuant to FRCP 12(b)(6). Accordingly, there was a final judgment on the merits of the earlier action, meeting the first element for claim preclusion.

With regard to the second element, Plaintiff has named all of the same Attorney Defendants in both actions. In this action Plaintiff named two additional defendants Judge Royal Hansen and the State of Utah, however the Court has addressed these claims against the new defendants above. Accordingly, the second element of claim preclusion has been met.

---

[49] *Id. (citing* M*ontana v. United States,* 440 U.S. 147, 153–154 (1979)).

[50] *Clark v. Haas Grp., Inc.,* 953 F.2d 1235, 1238 (10th Cir. 1992) (*citing May v. Parker–Abbott Transfer and Storage, Inc.,* 899 F.2d 1007, 1009 (10th Cir.1990), *quoting Petromanagement Corp. v. Acme–Thomas Joint Venture,* 835 F.2d 1329, 1335 (10th Cir.1988), *quoting*, *Brown v. Felsen,* 442 U.S. 127, 131 (1979)).

[51] *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F3d 1221, 1239 (10th Cir. 2017) (*citing King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)).

[52] *Goings v. Sumner County Dist. Attorney's Office,* 571 F. App'x. 634, 640 (10th Cir. 2014) (citation omitted).

Finally, the Court needs to determine whether this action stems from the single cause of action that the prior action was based on. The Tenth Circuit has applied the transactional approach to determine what constitutes a single cause of action. The Tenth Circuit "evaluate[s] a 'transaction' or 'series of connected transactions' 'pragmatically[,] considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.'"[53] "Under [the transactional] approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence."[54] The claims Plaintiff brings in this action are identical to the claims that she brought against the Attorney Defendants in the prior action. They all arise from the same series of transactions (i.e. the decisions by Judge Hansen and the alleged malpractice by the Attorney Defendants). The claims in this case are duplicative of the claims resolved in the prior case, satisfying the third element of claim preclusion. Accordingly, this Court recommends that the claims against the Attorney Defendants be barred under *res judicata* and this Court recommends DISMISSAL of all Plaintiff's claims against the Attorney Defendants.

In the alternative, if the reviewing Court disagrees with this Court's determination that *res judicata* applies, this Court adopts the reasoning and adjudication in favor of the Attorney Defendants set forth in the Report and Recommendation[55] issued by Judge Pead and adopted and

---

[53] *Melot v. Roberson,* 653 F. App'x. 570, 576 (10th Cir. 2016) (*quoting Lowell Staats Min. Co., Inc. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir. 1989)).

[54] *Id*. (*Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)).

[55] *Fowler v. McDougal*, 2:16cv163-DAK-DBP, Docket no. 40.

affirmed by Judge Kimball[56] in the prior action as that reasoning still applies to the nearly identical Complaint filed in this action.

## RECOMMENDATION

For the foregoing reasons, this Court hereby RECOMMENDS that the claims against Judge Hansen and the State of Utah be DISMISSED with prejudice, and FURTHER RECOMMENDS that the claims against the Attorney Defendants be DISMISSED based on *res judicata* and claim preclusion.

DATED this 1 February 2018.

_____
Brooke C. Wells
United States Magistrate Judge

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[57] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[58] Failure to object may constitute waiver of the objections upon subsequent review.

---

[56] *Fowler v. McDougal*, 2:16cv163-DAK-DBP, Docket no. 45.

[57] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[58] *Id.*

12